UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRISTINA KEMP
and other similarly-situated individuals,

CASE NO.: 16CV61116-Zloch/Hunt

      Plaintiff,

vs.

PG'S ON THE GREEN, INC.
A Florida Profit Corporation,
d/b/a GALUPPI'S ON THE GREEN, individually;
GRANT P. GALUPPI, individually;
LAUREN GALUPPI, individually;
PATRICK J. GALUPPI, individually

      Defendant(s).
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, CRISTINA KEMP (hereinafter "Plaintiff"), and Defendants, PG'S ON THE GREEN, INC., GRANT P. GALUPPI, LAUREN GALUPPI, and PATRICK J. GALUPPI (hereinafter "Defendants"), by and through undersigned counsel, hereby jointly request that this Court approve the settlement reached in this case, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.* Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the

employee is supervised by the Secretary of Labor.  See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216 of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement.  *Id*.  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues.  Although Defendants dispute their liability for any overtime payments to Plaintiffs, they have ultimately agreed to pay Plaintiff a compromised amount of the disputed claims.

## II.     Terms of Settlement

1.      This case involves claims made by the Plaintiff for alleged unpaid overtime and minimum wages, under the Fair Labor Standards Act ("F.L.S.A.").

2.      On or about December 19, 2016, after extensive negotiations during the Court Ordered Mediation in this matter, the parties reached a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs.

3.      Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlements are acceptable to both Plaintiff and Defendants.  Additionally, the parties agree that the amount of attorney's fees and costs agreed upon represent reasonable attorneys' fees and costs.

4.      In settlement, Plaintiff and her attorney will be paid a total of $12,500.00, of which Plaintiff shall receive $6,737.00 representing full payment of any and all alleged unpaid wages, as well as any and all other alleged damages, and counsel shall receive $5,000.00 in attorney's fees and $763.00 in costs incurred to date in this action, including preparation and/or review of all settlement documents.  Plaintiff and Defendants agree that the amount of fees and costs paid to Plaintiffs' attorney is fair and reasonable. Plaintiffs' attorney's fees were compromised in good faith in order to facilitate settlement.  Notwithstanding, the parties agree that there is a genuine dispute as to whether or not Plaintiff worked the number of hours alleged on a weekly basis; and whether or not Plaintiff was in fact paid for all hours Plaintiff allegedly worked on a weekly basis.

5.      The amount of this settlement to Plaintiff is fair and reasonable given the fact that Plaintiff would be receiving a substantial portion of the alleged compensation for

overtime and/or minimum wages which were alleged to have been unpaid in the Complaint. Additionally, it is also reasonable given the likelihood of success on the merits of the claims and the costs of defending this matter.  This settlement was arrived at after considerable negotiation by the parties and the Defendants do not admit any liability in this matter.

6. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

7. Having agreed to the terms of the settlement reached, Plaintiff and the Defendants respectfully request that this Court approve the settlement between the parties.

8. Accordingly, the parties request that this Court approve the Settlement attributed to Plaintiffs' FLSA claims, and thereafter dismiss this action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending Motions as moot.

9. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request this Honorable Court approve the parties' settlement, dismiss this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 6th day of January 2017.

Respectfully submitted,

| | |
|---|---|
| */s/Anthony M. Georges-Pierre* | */s/ Angelo M. Filippi* |
| Anthony M. Georges-Pierre, Esq. | Angelo M. Filippi, Esq. |
| Florida Bar No.: 533637 | Florida Bar No.: 0880851 |
| agp@rgpattorneys.com, | Email: afilippi@kelleykronenberg.com |
| apetisco@rgpattorneys.com, | Alberto Polimeni, Esq. |
| rregeiro@rpgattorneys.com, | Florida Bar No.: 0107209 |
| pn@rpgattorneys.com | Email: apolimeni@kelleykronenberg.com |
| REMER & GEORGES-PIERRE, PLLC | Kelley Kronenberg PA |
| 44 West Flagler St., Suite 2200 | Attorneys for Defendants |
| Miami, FL 33130 | 8201 Peters Road, Suite 4000 |
| Telephone: (305) 416-5000 | Fort Lauderdale, FL 33324 |
| Facsimile: (305) 416-5005 | (954) 370-9970 - Telephone |
| | (954) 370-9191- Facsimile |

*Counsel for Plaintiff*