**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter "Agreement") is executed this _____ day of _____ 2016, by **Cristina Kemp,** her heirs, successors and assigns (hereinafter "Plaintiff"), and **PG's on the Green, Inc. d/b/a Galuppi's on the Green, Grant P. Galuppi, Lauren Galuppi, and Patrick J. Galuppi,** their respective principals, agents, servants, officers, directors, managers, employees, predecessors, parents, subsidiaries, affiliates, divisions, partners and successors (hereinafter collectively referred to as "Defendants").

**WHEREAS,** Plaintiff filed a Complaint in the United States District Court Southern District of Florida, Case No.: 0-16-CIV-61116-ZLOCH (hereinafter "Complaint") alleging violations of the Fair Labor Standards Act.

**WHEREAS,** Defendants deny liability with respect to any and all claims set forth in the Complaint, and;

**WHEREAS,** the parties to this Agreement nonetheless desire to settle and compromise all claims set forth in the Complaint, and desire to enter into this Agreement in full settlement and discharge of all claims which are, or might have been the subject of pending or future litigation between the parties upon the terms and conditions set forth below;

**NOW, THEREFORE,** in consideration of the foregoing mutual promises herein set forth, and of other good and valuable consideration, the sufficiency of which is hereby acknowledged, it is agreed as follows:

1. **Settlement Proceeds:** Defendants shall pay $12,500.00 in full and final settlement of any all claims brought and all claims that could have been brought by Plaintiff against Defendants.

Payment shall be made by Defendants within five (5) calendar days of Plaintiff's execution of this Agreement. Plaintiff's counsel will hold the funds pending dismissal of the lawsuit with prejudice. Said payment shall be made in the following form: one check, made payable to Plaintiff, in the amount of Six Thousand, Seven Hundred, and Thirty-Seven Dollars ($6,737.00) which shall be for unpaid wages and other alleged damages; and one check, made payable to Remer & Georges-Pierre, PLLC, in the amount of Five Thousand, Seven Hundred and Sixty-Three Dollars ($5,763.00) which shall be in complete satisfaction of Plaintiff's attorney fees and costs.

Defendants shall also pay the mediator's fees of $1,425.00 in full.

2. **Indemnification:** Plaintiff indemnifies Defendants from Plaintiffs' tax liability arising out of this payment.

3. **Dismissal of Complaint:** Within five (5) business days of the execution of this agreement, Plaintiff and Defendants shall file a Joint Motion for Approval of Settlement

Agreement and for Dismissal with Prejudice. The Parties agree to seek the Court's reservation of jurisdiction to enforce the terms of the settlement agreement.

4       **Plaintiff's Release of Claims:**       In consideration for the payments and undertakings described in this Agreement, Plaintiff releases and waives *any and all claims* that she might possibly have against the Defendants, their respective principals, shareholders, agents, servants, officers, directors, managers, employees, predecessors, parents, subsidiaries, affiliates, and successors.    In legal terms, this means that, individually, and on behalf of their representatives, successors, and assigns, Plaintiff hereby completely release and forever discharge Defendants from all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature and character, known or unknown, which Plaintiff may now have or has ever had against Defendants as of the date of the Agreement. This release covers all statutory, common law, constitutional and other claims, *including but not limited to*:

   a.    any and all claims for wrongful discharge;

   b.    any and all claims relating to any contract of employment, express or implied, or breach of the covenant of good faith and fair dealing, express or implied;

   c.    any and all tort claims of any nature, including, but not limited to, claims for negligence, defamation, misrepresentation, fraud, or negligent or intentional infliction of emotional distress;

   d.    (a) any and all civil rights claims, including, but not limited to, those arising under **Title VII of the Civil Rights Act of 1964, as amended,** 42 U.S.C. §2000e et seq., **Sections 1981 and 1983 of the Civil Rights Act of 1866, The Florida Civil Rights Act of 1992,** Fla. Stat. §760.10 and similar county, city and/or local ordinances that prohibit discrimination in employment based on protected classes (i.e., race, color, national origin, disability, ancestry, religion, marital status or sex); (b) **The Equal Pay Act of 1963,** 29 U.S.C. § 206 (d); (c) **The Americans with Disabilities Act of 1990, as amended,** 42 U.S.C. § 12101 et seq.; (d) **The Employee Retirement Income Security Act of 1974, as amended;** 29 U.S.C. § 1001 et seq.; (e) **The Fair Labor Standards Act of 1938,** 29 U.S.C. § 201 et seq.; (f) **The Family and Medical Leave Act of 1993,** 29 U.S.C. § 2601 et seq.; (g) **Florida's Whistle Blower Act,** Fla. Stat. § 448.101; (h) any claim grounded on an alleged violation of **Florida's Drug Free Workplace Act,** Fla. Stat. § 440.102 (5); (i) **Florida's Workers' Compensation Law,** Fla. Stat. §440.205, prohibiting, inter alia, retaliatory discharge; (j) **The Florida and Federal constitutions;** and (k) any other law whether federal, state or local, or any common law cause of action, prohibiting and/or providing recourse for, without limitation, discrimination in employment, retaliation, conspiracy, tortious or wrongful discharge, breach of an express or implied contract, breach of a covenant of good faith and fair dealing, wrongful discharge, intentional and/or negligent infliction of emotional distress, defamation, misrepresentation or fraud, negligence, negligent supervision, hiring, or retention, assault, battery, detrimental

reliance, or any other offense sounded in tort, physical or personal injury, or claims relating to salary, commission, compensation and/or benefits.

5       **Defendants' Release of Claims:**      In consideration for the undertakings described in this Agreement, Defendants release and waive *any and all claims* that they might possibly have against the Plaintiff, their respective successors, heirs and assigns.   In legal terms, this means that Defendants, individually, and on behalf of their agents, successors, and assigns, hereby completely releases and forever discharges Plaintiff from all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature and character, known or unknown, which Defendants may now have or has ever had against Plaintiff.

6.      **Non-Disparagement:**   The parties agrees not to communicate to any person or persons any information or opinion which could be construed as a negative comment about the other or about any of Defendants' officers, directors, managers, employees, agents, or representatives, or which may have the effect of placing said parties in a negative or unflattering light. Should Defendants receive any inquiries regarding Plaintiff by a prospective employer, Defendants shall only provide Plaintiff's position and dates of service for the time she worked for Defendants. Both Plaintiff and Defendants acknowledge that the actual damages likely to result from breach of this section 6 are difficult to estimate on the date of this agreement and would be difficult to prove. Therefore, the payments to be received by either Party for any violation of this Section 6 by one of the other Parties shall be received as liquidated damages in the amount of $2,500.00. The parties intend that the payment of the liquidated damages amount would serve to compensate for any breach of the obligations under this section 6, and they do not intend for it to serve as punishment for any such breach.

7.      **Waiver of Right to Apply and to Enter Defendants' Premises:**   Plaintiff hereby waives and releases any right or claim which she may have to employment or any working relationship with Defendants. Plaintiff hereby agrees that she will not apply for, accept or otherwise seek employment with Defendants or any of its affiliated entities. Plaintiff hereby promises and agrees that she will not enter Defendants' premises for any reasons.

8.      **No Claims:**   Plaintiff represents that, prior to the date of execution of this Agreement, she has not filed or caused to be filed against Defendants, any other action in any administrative agency, court or other forum, concerning any matter involving the Defendants.

9.      **Interpretation and Construction of Agreement**:   This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, both substantive and remedial.   The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any party of any breach of any provision of this Agreement shall not be construed to be a waiver of such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

3

10.     **No Admission of Liability:**   By entering into this Agreement, Defendants are not admitting to any liability, wrongdoing or legal violation whatsoever with regard to any claims released herein.   Defendants expressly deny any and all such liability and wrongdoing.

11.     **Complete and Voluntary Agreement**:   Plaintiff acknowledges that she has read and understands this Agreement; that she have had the opportunity to seek legal counsel of her own choosing and to have the terms of the Agreement fully explained to her; that she is not executing this Agreement in reliance on any promises, representations or inducements other than those contained herein; and that she is executing this Agreement voluntarily, free of any duress or coercion.   Plaintiff specifically understands that by entering into this Agreement, she is forever foreclosed from pursuing any of the claims she has waived in paragraph 4 above.

12.     **Savings Clause**:   Should any of the provisions of this Agreement be determined to be invalid or unenforceable by a court or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein. This provision does not apply to provision 1.

13.     **Scope of Agreement:**   This Agreement constitutes the entire understanding of the parties on the subjects covered.   Except as expressly provided here, this Agreement supersedes and renders null and void any and all prior agreements between Plaintiff and Defendants.

14.     **Reservation of Jurisdiction:** The Parties agree that the Court shall reserve jurisdiction to enforce the terms of this settlement agreement. In the event the terms of this settlement agreement must be enforced, the prevailing party shall be entitled to attorneys' fees and costs from the non-prevailing party.

**PLAINTIFF FURTHER STATES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, IT HAS BEEN FULLY EXPLAINED TO HER, THAT SHE HAD THE OPPORTUNITY TO HAVE IT REVIEWED BY AN ATTORNEY, AND THAT SHE FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT, AND THAT THE ONLY PROMISES MADE TO HER TO SIGN THE AGREEMENT ARE THOSE STATED IN THE AGREEMENT, AND THAT SHE IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING DEFENDANTS OF ALL CLAIMS.**

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed.

Defendant, PG's on the Green, Inc.
d/b/a Galuppi's on the Green

Print Name: Grant Galuppi

Title: GM/Own

Date: 1/1/16

Plaintiff, Cristina Kemp

_Cristina Kemp_

Date: 1-5-17


Defendant, Grant P. Galuppi

Date: 1/1/16

Defendant, Lauren Galuppi

Date: 1/1/16

Defendant, Patrick J. Galuppi

Date: 1/1/16

5